IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:22-cv-982

| | |
|---|---|
| MERCEDES GONZALES-ALCANTARA,<br><br>Plaintiff,<br><br>v.<br><br>MARISCOS SAYULITA NAYARIT, LLC, a North Carolina Limited Liability Company f/k/a MARISCOS LAS COSTAS NAYARIT, LLC; MARISCOS SAYULITA NAYARIT, LLC, a Tennessee Limited Liability Company; MARISCOS PACIFICO NAYARIT INC., a Tennessee Corporation; HUGO SANCHEZ-RODRIGUEZ; MANUEL SANCHEZ-RODRIGUEZ; LUIS SANCHEZ,<br><br>Defendants. | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Plaintiff Mercedes Gonzales-Alcantara, through counsel and complaining of Defendants, alleges and says as follows:

### INTRODUCTION

1. Plaintiff brings this action seeking monetary and injunctive relief for Defendants' acts of copyright infringement; trade secret misappropriation; and unfair and deceptive trade practices arising from Defendants' infringement of Plaintiff's copyright in a Mexican food menu created by Plaintiff and Defendants' misappropriation of Plaintiff's related trade secrets.

1

## THE PARTIES

2. Plaintiff is an individual currently residing in Greenville, South Carolina. Plaintiff has substantial experience in the Mexican restaurant industry, both as a business owner and as an employee.

3. Defendant Mariscos Sayulita Nayarit, LLC f/k/a Mariscos Las Costas Nayarit, LLC is a North Carolina limited liability company ("Mariscos Sayulita Nayarit NC") that owns and operates the Mariscos Sayulita Nayarit restaurant located at 619 S. Regional Rd., Greensboro, North Carolina 27409 (the "Mariscos Greensboro Restaurant").

4. Upon information and belief, Defendant Mariscos Sayulita Nayarit, LLC is a Tennessee limited liability company ("Mariscos Sayulita Nayarit TN") that owns and operates the Mariscos Sayulita Nayarit restaurant located at 2955 S. Rutherford Blvd., Murfreesboro, Tennessee 37130 (the "Mariscos Murfreesboro Restaurant").

5. Upon information and belief, Defendant Mariscos Pacifico Nayarit Inc. is a Tennessee corporation that owns and operates the Mariscos Pacifico Nayarit restaurant located at 9507 Kingston Pike, Knoxville, Tennessee 37922 (the "Mariscos Knoxville Restaurant").

6. Upon information and belief, Defendant Hugo Sanchez-Rodriguez is an individual currently residing in Murfreesboro, Tennessee.

7. Upon information and belief, Defendant Manuel Sanchez-Rodriguez is an individual currently residing in Murfreesboro, Tennessee.

8. Hugo Sanchez-Rodriguez and Manuel Sanchez-Rodriguez are brothers (together, the "Sanchez-Rodriguez Brothers").

9. At all times relevant to this action, the Sanchez-Rodriguez Brothers were owners and agents of Mariscos Sayulita Nayarit NC.

10. At all times relevant to this action and upon information and belief, the Sanchez-Rodriguez Brothers were owners and agents of Mariscos Sayulita Nayarit TN.

11. Upon information and belief, Defendant Luiz Sanchez is an individual currently residing in Murfreesboro, Tennessee.

12. Upon information and belief, Luiz Sanchez is the son of Manuel Sanchez-Rodriguez.

13. At all times relevant to this action and upon information and belief, Luiz Sanchez and Manuel Sanchez-Rodriguez were owners and agents of Mariscos Pacifico Nayarit Inc.

## JURISDICTION AND VENUE

14. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 17 U.S.C. § 101, *et seq.*, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district, or alternatively, pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to the Court's personal jurisdiction in this district.

## FACTUAL BACKGROUND

**Plaintiff and the Sanchez-Rodriguez Brothers Become Business Partners**

16. Plaintiff met Hugo Sanchez-Rodriguez while Plaintiff was working at a Mexican restaurant in Tennessee that Hugo partly owned at the time. Plaintiff and Hugo discussed starting a Mexican restaurant together, and Hugo later asked his brother Manuel Sanchez-Rodriguez if he wanted to be a part of this potential business venture.

17. In or around January 2019, Plaintiff and the Sanchez-Rodriguez Brothers agreed to become business partners and form a company for the purpose of opening and operating a Mexican restaurant.

18. Pursuant to their agreement, Plaintiff was to provide the recipes, dishes, and menu for the restaurant while the Sanchez-Rodriguez Brothers were to provide financing for the business.

19. On February 1, 2019, Articles of Organization were filed with the North Carolina Secretary of State to form Mariscos Sayulita Nayarit NC. Consistent with their agreement, and as reflected in the Articles of Organization, Plaintiff and the Sanchez-Rodriguez Brothers became equal owners of Mariscos Sayulita Nayarit NC, with each individual holding a one-third interest in the newly-formed company.

**The Mariscos Greensboro Restaurant and Plaintiff's Copyright and Trade Secrets**

20. In or around August 2019, Plaintiff and the Sanchez-Rodriguez Brothers opened the Mariscos Greensboro Restaurant, a Mexican seafood-themed restaurant.

21.     The Mariscos Greensboro Restaurant remains open today and is owned and operated through Mariscos Sayulita Nayarit NC.

22.     Plaintiff was heavily involved in opening and running the Mariscos Greensboro Restaurant, including by serving as the head cook and by hiring and overseeing the kitchen staff. The Sanchez-Rodriguez Brothers, in contrast, had minimal involvement with the day-to-day activities of the restaurant. Plaintiff no longer participates in the operation of Mariscos Sayulita Nayarit NC or Mariscos Greensboro Restaurant because the Sanchez-Rodriguez Brothers wrongfully ousted him from the business, as described more fully below.

23.     Plaintiff created the menu for the Mariscos Greensboro Restaurant (the "Mariscos Menu"). The Mariscos Menu offers a wide array of items and dishes. A true and accurate copy of the Mariscos Menu is attached hereto as **Exhibit A**.

24.     The Mariscos Menu is wholly original, and Plaintiff is the exclusive owner of all rights, title, and interest, including all copyright rights, in the Mariscos Menu.

25.     Plaintiff has registered his copyright in the Mariscos Menu with the United States Copyright Office. A true and accurate copy of the copyright registration for the Mariscos Menu (Registration No. VA 2-307-715), as issued by the Copyright Office, is attached hereto as **Exhibit B**.

26.     Plaintiff spent considerable time, effort, and resources in developing the proprietary and unique food recipes, food preparation methods and techniques, and combinations and mixtures of food ingredients necessary to produce the high-quality and

5

wide-ranging items and dishes offered to customers through the Mariscos Menu, all of which constitute protected trade secrets belonging to Plaintiff.

27. Plaintiff's trade secrets derive substantial, independent economic and commercial value from not being generally known to or readily ascertainable by persons, such as competitors in the Mexican restaurant industry, who could obtain economic value from the disclosure or use of such trade secrets. Indeed, other Mexican restaurant businesses have paid Plaintiff amounts greater than $100,000 in exchange for licenses to Plaintiff's trade secrets.

28. Plaintiff has taken, and continues to take, reasonable measures under the circumstances to maintain the secrecy of his trade secrets, including, but not limited to, employing licensing agreements that restrict the access and use of his trade secrets and only permitting access to his trade secrets at restaurant locations on a need-to-know basis.

**The Sanchez-Rodriguez Brothers Wrongfully Oust Plaintiff from the Business**

29. After the Mariscos Greensboro Restaurant became profitable and Plaintiff had trained the kitchen staff to prepare the items and dishes on the Mariscos Menu, the Sanchez-Rodriguez Brothers engaged in a scheme to force Plaintiff out of the business, deprive him of the benefit of his bargain, and steal the Mariscos Menu and his trade secrets.

30. In or around March 2020, the Sanchez-Rodriguez Brothers changed the locks at the Mariscos Greensboro Restaurant and told Plaintiff that he was barred from the restaurant's premises.

6

31. Thereafter, the Sanchez-Rodriguez Brothers prevented Plaintiff from accessing any of Mariscos Sayulita Nayarit NC's property, data, or other information, including by denying a statutorily authorized request from Plaintiff to inspect the books and records of the company.

32. The Sanchez-Rodriguez Brothers further threatened to expel Plaintiff from Mariscos Sayulita Nayarit NC unless Plaintiff agreed to relinquish his ownership interest in the company, including his interest in the Mariscos Menu and any profits that Plaintiff was entitled to receive from the business.

33. The Sanchez-Rodriguez Brothers purported to have the right to expel Plaintiff based on an alleged breach by Plaintiff of an unsigned partnership agreement and a document entitled "non-binding letter of intent." Neither of these documents is enforceable against Plaintiff, nor did Plaintiff commit any breach of the documents.

34. Plaintiff declined to acquiesce to the Sanchez-Rodriguez Brothers' demands.

35. Plaintiff accordingly continues to have a valid one-third ownership interest in Mariscos Sayulita Nayarit NC. Plaintiff also continues to own the copyright in the Mariscos Menu and the related trade secrets described above.

36. The Sanchez-Rodriguez Brothers have declined to recognize Plaintiff's ownership interest in Mariscos Sayulita Nayarit NC and have prevented Plaintiff from

participating in the business and receiving the benefit of his bargain, all while reaping vast profits at the expense of Plaintiff.[1]

**Defendants Infringe Upon Plaintiff's Copyright in the Mariscos Menu and Misappropriate Plaintiff's Trade Secrets**

37. Following the Sanchez-Rodriguez Brothers' wrongful removal of Plaintiff from Mariscos Sayulita Nayarit NC, Defendants—without Plaintiff's authorization or consent—copied, prepared derivative works of, displayed, and/or distributed reproductions of the Mariscos Menu, thereby infringing upon Plaintiff's copyright in the menu.

38. More specifically, the menus currently used at the Mariscos Greensboro Restaurant, the Mariscos Murfreesboro Restaurant, and the Mariscos Knoxville Restaurant are identical or substantially similar to the Mariscos Menu created by Plaintiff.

39. Records from the Tennessee Secretary of State show that Mariscos Sayulita Nayarit TN and Mariscos Pacifico Nayarit Inc. were formed in October 2020 and April 2021, respectively—after the Sanchez-Rodriguez Brothers had ousted Plaintiff from Mariscos Sayulita Nayarit NC.

40. Upon information and belief, Defendants accessed the Mariscos Menu that was available at the Mariscos Greensboro Restaurant through the Sanchez-Rodriguez Brothers and Luis Sanchez—who were all acting individually and on behalf of Mariscos

---

[1] The Sanchez-Rodriguez Brothers' actions to remove Plaintiff from the business are the subject of a separate action, initiated by Plaintiff against the Sanchez-Rodriguez Brothers and Mariscos Sayulita Nayarit NC, that is pending in the Guilford County Superior Court of North Carolina.

Sayulita Nayarit NC, Mariscos Sayulita Nayarit TN, and/or Mariscos Pacifico Nayarit Inc. in infringing upon Plaintiff's copyright in the Mariscos Menu.

41. Defendants—without Plaintiff's authorization or consent—also utilized Plaintiff's trade secrets to produce the items and dishes that Defendants are offering through the infringing menus currently used at the Mariscos Greensboro Restaurant, the Mariscos Murfreesboro Restaurant, and the Mariscos Knoxville Restaurant, thereby misappropriating Plaintiff's trade secrets.

42. Upon information and belief, Defendants improperly acquired, disclosed, and/or used Plaintiff's trade secrets through the Sanchez-Rodriguez Brothers and Luis Sanchez—who were all acting individually and on behalf of Mariscos Sayulita Nayarit NC, Mariscos Sayulita Nayarit TN, and/or Mariscos Pacifico Nayarit Inc. in misappropriating Plaintiff's trade secrets.

**FIRST CLAIM FOR RELIEF**
(Copyright Infringement – 17 U.S.C. § 501)

43. The allegations contained in the foregoing paragraphs are realleged and restated herein.

44. The Mariscos Menu is an original work containing copyrightable subject matter for which copyright protection exists under the federal Copyright Act, 17 U.S.C. § 101, *et seq.* Plaintiff is the exclusive owner of rights under copyright in and to the Mariscos Menu. Plaintiff holds a valid copyright registration for the Mariscos Menu (Registration No. VA 2-307-715).

45. Through Defendants' conduct alleged herein and without the consent, approval, or license of Plaintiff, Defendants have infringed—directly, indirectly, contributorily, and/or vicariously—upon Plaintiff's exclusive rights of copyright in the Mariscos Menu in violation of 17 U.S.C. § 501.

46. Defendant's infringing conduct alleged herein was, and continues to be, willful, intentional, malicious, and with full knowledge of Plaintiff's exclusive rights in the Mariscos Menu.

47. As a direct and proximate result of Defendants' copyright infringement, Plaintiff has suffered, and will continue to suffer monetary loss. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover his actual damages and any and all profits Defendants have made as a result of their copyright infringement. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover statutory damages.

48. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his attorneys' fees and costs.

49. As a direct and proximate result of Defendants' copyright infringement, Plaintiff has sustained, and will continue to sustain, substantial irreparable injury for which there is no adequate remedy at law. Unless Defendants' infringing conduct is enjoined by the Court, Defendants will continue to engage in copyright infringement. Plaintiff is therefore entitled to permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

## SECOND CLAIM FOR RELIEF
**(Trade Secret Misappropriation – N.C. Gen. Stat. § 66-152, *et seq.*)**

50. The allegations contained in the foregoing paragraphs are realleged and restated herein.

51. Plaintiff has and owns trade secrets, including, but not limited to, the proprietary and unique food recipes, food preparation methods and techniques, and combinations and mixtures of food ingredients developed by Plaintiff in connection with the Mariscos Menu.

52. Plaintiff's trade secrets derive independent, actual, and potential commercial value from not being generally known or readily ascertainable by persons who can obtain economic value from their disclosure or use.

53. Plaintiff has taken, and continues to take, reasonable measures to maintain the secrecy of his trade secrets, including, but not limited to, employing licensing agreements that restrict the access and use of his trade secrets and only permitting access to his trade secrets at restaurant locations on a need-to-know basis.

54. Defendants, individually and through their agents, have misappropriated Plaintiff's trade secrets by acquiring, disclosing, and/or using Plaintiff's trade secrets, without his authority or consent, in violation of North Carolina's Trade Secrets Protection Act, N.C. Gen. Stat. § 66-152, *et seq.*

55. Defendants, individually and through their agents, knew or should have known of Plaintiff's trade secrets and had the opportunity to acquire such trade secrets as a result of Defendants' connection to the Mariscos Greensboro Restaurant.

56. In misappropriating Plaintiff's trade secrets, the Sanchez-Rodriguez Brothers abused the position of trust and confidence that they held as Plaintiff's business partners.

57. Defendants' misappropriation of Plaintiff's trade secrets was done intentionally, maliciously, and willfully in order to inequitably disadvantage Plaintiff and to obtain commercial profit for themselves.

58. The forgoing actions of Defendants have directly and proximately damaged Plaintiff in an amount to be proven at trial.

59. Plaintiff will continue to be damaged by Defendants' actions, unless they are specifically compelled to return to Plaintiff any and all trade secrets taken from Plaintiff and to stop using any trade secret information that they have obtained from Plaintiff. There is no adequate remedy at law for the continued threat faced by Plaintiff due to Defendant's conduct, and Plaintiffs is therefore entitled to injunctive relief.

60. Plaintiff is also entitled to attorneys' fees and costs and punitive damages.

## THIRD CLAIM FOR RELIEF
**(Trade Secret Misappropriation – 18 U.S.C. § 1836, *et seq.*)**

61. The allegations contained in the foregoing paragraphs are realleged and restated herein.

62. Plaintiff has and owns trade secrets, including, but not limited to, the proprietary and unique food recipes, food preparation methods and techniques, and combinations and mixtures of food ingredients developed by Plaintiff in connection with the Mariscos Menu.

63. Plaintiff's trade secrets derive independent, actual, and potential commercial value from not being generally known or readily ascertainable by persons who can obtain economic value from their disclosure or use.

64. Plaintiff has taken, and continues to take, reasonable measures to maintain the secrecy of his trade secrets, including, but not limited to, employing licensing agreements that restrict the access and use of his trade secrets and only permitting access to his trade secrets at restaurant locations on a need-to-know basis.

65. Defendants, individually and through their agents, have misappropriated Plaintiff's trade secrets by acquiring, disclosing, and/or using Plaintiff's trade secrets, without his authority or consent, in violation of the federal Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*

66. Defendants, individually and through their agents, knew or had reason to know that they had acquired Plaintiff's trade secrets by improper means and had the opportunity to acquire such trade secrets as a result of Defendants' connection to the Mariscos Greensboro Restaurant.

67. Plaintiff's trade secrets implicate interstate commerce as Defendants' misappropriated the trade secrets across different states and multiple restaurants.

68. In misappropriating Plaintiff's trade secrets, the Sanchez-Rodriguez Brothers abused the position of trust and confidence that they held as Plaintiff's business partners.

69. Defendants' misappropriation of Plaintiff's trade secrets was done intentionally, maliciously, and willfully in order to inequitably disadvantage Plaintiff and to obtain commercial profit for themselves.

70. The forgoing actions of Defendants have directly and proximately damaged Plaintiff in an amount to be proven at trial.

71. Plaintiff will continue to be damaged by Defendants' actions, unless they are specifically compelled to return to Plaintiff any and all trade secrets taken from Plaintiff and to stop using any trade secret information that they have obtained from Plaintiff. There is no adequate remedy at law for the continued threat faced by Plaintiff due to Defendant's conduct, and Plaintiffs is therefore entitled to injunctive relief.

72. Plaintiff is also entitled to attorneys' fees and costs and punitive damages

## FOURTH CLAIM FOR RELIEF
**(Unfair and Deceptive Trade Practices – N.C. Gen. Stat. § 75-1.1, *et seq.*)**

73. The allegations contained in the foregoing paragraphs are realleged and restated herein.

74. Defendants' conduct alleged herein, including Defendants' misappropriation of Plaintiff's trade secrets, abuse of their position of trust and confidence, and other malicious, intentional, and willful actions, constitute unfair and deceptive trade practices or acts in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*

75. Defendants' conduct was in or affecting commerce.

76. The forgoing actions of Defendants have directly and proximately damaged Plaintiff in an amount to be proven at trial.

77. Plaintiff is also entitled to treble damages and attorneys' fees as provided in N.C. Gen. Stat. § 75-16, 16.1.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court enter judgment in favor of Plaintiff and grant Plaintiff the following relief:

1. That the Court award Plaintiff such damages as Plaintiff has sustained or is otherwise entitled to as a result of Defendants' conduct alleged herein;

2. That the Court award Plaintiff any and all profits that Defendants have derived as a result of their infringement of Plaintiff's copyright;

3. That the Court permanently restrain and enjoin Defendants from further copyright infringement and trade secret misappropriation;

4. That the Court award Plaintiff treble damages as permitted by law;

5. That the Court award Plaintiff punitive damages as permitted by law;

6. That the Court award Plaintiff pre and post-judgment interest as permitted by law;

7. That the Court grant Plaintiff a jury trial on all issues so triable herein;

8. That the Court award Plaintiff his costs and reasonable attorneys' fees as permitted by law;

9. That the Court grant Plaintiff such further relief as the Court deems just and proper.

This the 16th day of November, 2022.

/s/ Clint S. Morse
Clint S. Morse
  NC Bar No. 38384
  cmorse@brookspierce.com
Agustin M. Martinez
  NC Bar No. 56356
  amartinez@brookspierce.com
Brooks, Pierce, McLendon,
  Humphrey & Leonard, LLP
PO Box 26000
Greensboro, North Carolina 27420
Telephone:   336-271-3152
Facsimile:    336-232-9152
*Counsel for Plaintiff*